UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 18-cr-0067 (WMW) |
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE** |
| Terry J. Albury, | |
| Defendant. | |

This matter is before the Court on Defendant Terry J. Albury's motion for early termination of supervised release. (Dkt. 59). For the reasons addressed below, Albury's motion is denied.

In 2018, Albury pleaded guilty to one count of unauthorized disclosure of national defense information and one count of unauthorized retention of national defense information, both in violation of 18 U.S.C. § 793(e). The Court thereafter sentenced Albury to two concurrent 48-month terms of imprisonment followed by two concurrent three-year terms of supervised release. Albury's supervised release began on April 9, 2021.

A court may, after considering the factors set forth in 18 U.S.C. § 3553(a), "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if [the court] is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(2). Because a district court is in "the best position to

evaluate the circumstances of each individual defendant," requests for early termination of supervised release fall within the "broad discretion" of the district court. *United States v. Mosby*, 719 F.3d 925, 930 (8th Cir. 2013).

Albury argues that early termination is warranted on two grounds: first, Albury's "exceptionally good conduct" on supervised release thus far; and second, the interests of justice. In support of his first argument, Albury asserts that he has been "entirely compliant" with the conditions of his supervised release, so much so that the supervising probation officer has placed Albury in the low-intensity category of supervision clients. Albury is employed, lives with supportive family members, participates in counseling and community service, completes all required drug testing with negative results and owes no additional financial obligations related to this matter. Albury also cites the travel limitations of his supervised release as a hardship that hinders his professional development and ability to see ailing relatives. In support of his second argument, Albury asserts that his term of imprisonment fully satisfied the punitive goals of sentencing and that, based on Albury's successful transition from prison to the community thus far, the government's limited resources are better spent supervising individuals who require transitional support. Neither the United States nor Albury's supervising probation officer oppose Albury's request.

In light of Albury's arguments and a careful consideration of the Section 3553(a) factors, *see Mosby*, 719 F.3d at 930, the Court concludes that early termination of Albury's term of supervised release is not warranted. Although Albury is correct that his conduct on supervised release thus far demonstrates comprehensive compliance with the

terms and conditions of his supervision, such compliance is always an expectation of supervised release.  And to the extent Albury argues that the prison term he served has already accomplished the punitive purpose of sentencing, the Court fashioned the sentence it imposed to serve additional purposes beyond punishment, including the need to reflect the seriousness of Albury's offense, to promote respect for the law and to adequately deter Albury and others from criminal conduct.  *See* 18 U.S.C. § 3553(a).  Albury's arguments notwithstanding, each of these additional purposes remains relevant to the Court's consideration of Albury's sentence and justifies Albury's continued supervision.  For these reasons, the Court denies Albury's motion for early termination of supervised release.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Terry J. Albury's motion for early termination of supervised release, (Dkt. 59), is **DENIED**.

Dated:  January 9, 2023                                  s/Wilhelmina M. Wright
                                                         Wilhelmina M. Wright
                                                         United States District Judge